**Charles G. STILES and Paul Stiles, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 12145.**

United States Court of Appeals Sixth Circuit.

Oct. 21, 1954.

Wm. S. Heidenberg, Louisville, Ky., for appellants.

J. Leonard Walker, Wm. B. Jones, Louisville, Ky., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

The Stiles brothers, Charles and Paul, were jointly indicted with Bernard Thompson, a tenant on the Stiles' farm, in six counts: the first count charging them with conspiracy to violate the Internal Revenue laws, in having in their possession 161 gallons of whiskey the immediate containers of which did not have affixed thereto revenue stamps as required by federal law. The other five counts of the indictment charged substantive offenses against the Internal Revenue laws, committed by the three defendants in possessing a still and distilling apparatus set-up without registration of the same as required by law; in carrying on the business of distillers without having given the requisite bond; in possessing distilled spirits without having stamps affixed to the immediate containers thereof; in concealing whiskey on which the tax had not been paid; and in carrying on the business of distillers without paying the required tax.

Thompson pleaded guilty to all five substantive counts and entered a plea of not guilty on the conspiracy count. The Stiles brothers pleaded not guilty to all counts of the indictment. The case went to trial before a jury, which found the Stiles brothers guilty on all six counts of the indictment, and Thompson guilty on the conspiracy count. Thompson has not prosecuted an appeal. Charles Stiles and Paul Stiles were each sentenced to eighteen months imprisonment on each count, the sentences to run concurrently. The two defendants were also fined.

On appeal, their principal contention is that there was insufficient evidence to sustain the verdict of the jury on any one of the six counts. After hearing ably presented oral arguments and considering the printed briefs of the respective attorneys for appellants and the Government, and after a review of all the evidence in the case, we are of opinion that, though circumstantial, the evidence is sufficiently substantial to sustain the verdict of the jury and the judgment and commitment thereon entered by the district judge.

The proximity of the large quantity (161 gallons) of un-tax-paid liquor to the

home of appellant Paul Stiles, the location of nine one-hundred-pound bags of sugar concealed near the fence at the rear of the Stiles residence, the purchase by both Stiles brothers, under the fictitious name of "Johnson Brothers", of large quantities of sugar from a wholesale grocery in a small town nearby, the location of the still some 250 to 280 yards from the Stiles residence, together with ten bottle gas drums; and the fact that the still was a large one, being a 400 gallon wood tank outfit; the location on the Stiles premises of thirty 300 gallon wood barrel fermenters, 42 one-gallon empty jugs, two large steel boilers, and one wood thumper: all these circumstances, together with other incriminating circumstantial evidence, are convincing that the jury had sufficient evidence on which to find both appellants guilty as charged.

We find no prejudicial error in the charge of the court, in the admission or exclusion of evidence, or in any procedural rulings by the district court. Its judgment, therefore, is affirmed; and it is so ordered.